### In re ANTILL PIPELINE CONSTRUCTION CO., INC., Petitioner.

#### No. 13–30102.

United States Court of Appeals, Fifth Circuit.

Jan. 25, 2013.

Francis Anthony Jurovich, III, Esq., Lawrence R. Plunkett, Jr., Esq., Robert S. Reich, Esq., Reich, Album & Plunkett, L.L.C., Metairie, LA, for Petitioner.

Colin B. Cambre, Thomas Kent Morrison, Esq., Phelps Dunbar, L.L.P., James Denman Bercaw, David A. Strauss, King, Krebs & Jurgens, P.L.L.C., Scott H. Mason, Andrew Lane Plauche, Jr., Esq., Plauche Maselli Parkerson, L.L.P., Tod J. Everage, Esq., Sean Thomas McLaughlin, Bradley Joseph Schlotterer, Kean Miller, L.L.P., New Orleans, LA, Thomas Glenn Buck, Esq., John C. Henry, David B. Parnell, Jr., Esq., Brett Wayne Tweedel, Blue Williams, L.L.P., Justin E. Alsterberg, Esq., William Glenn Burns, Esq., Joseph Leroy Spilman, III, Hailey, McNamara, Hall, Larmann & Papale, L.L.P., Metairie, LA, Christopher H. Riviere, Esq., Eric Louis Trosclair, Attorney, Riviere Law Firm, Walter K. Naquin, Jr., District Attorney, Thibodaux, LA, Marc Evan Kutner, Esq., Francis I. Spagnoletti, Spagnoletti & Company, John C. Schwambach, Jr., Esq., John W. Stevenson, Jr., Stevenson & Murray, Houston, TX, Michael J. Samanie, Stephen Scott Stipelcovich, Trial Attorney, Stephen J. Johnson, Esq., St. Martin, Mahoney & Associates, Houma, LA, George Patrick Hand, Jr., Hand Law Firm, Gretna, LA, Donovan Jay O'Pry, II, Michael James Remondet, Jr., Esq., Jeansonne & Remondet, L.L.C., Lafayette, LA, for Respondent.

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM: *

Petitioner Antill Pipeline Construction Co., Inc. (Antill) petitions this Court for an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

emergency writ of mandamus to stay proceedings below while it pursues an interlocutory appeal against the district court's dismissal of several defendants from his limitation of liability suit pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30505. Mandamus is available only in those circumstances where there is a "clear and indisputable abuse of discretion or usurpation of judicial power by the trial court." *In re Cajun Elec. Power Cooperative, Inc.*, 791 F.2d 353, 365 (5th Cir.1986). The case was initially scheduled for trial on October 31, 2011. Antill filed a motion for leave to file a third-party complaint against a new defendant, Hanko Metal Works, Inc., on August 24, 2011. The district court granted the motion and continued trial. Although Hanko filed its answer on December 2, 2011, Antill did not depose Hanko's corporate representative until August 16, 2012. On May 21, 2012, Antill filed a separate suit against two additional defendants, the estate of William Voss and W & T Offshore, Inc., and then untimely moved to consolidate the two proceedings on June 20, 2012, further delaying the proceedings. Nonetheless, the court granted Antill's motion for consolidation. Trial was set for January 28, 2013. Although the district court issued its order dismissing several defendants, including Hanko Metal Works, Voss' estate, and W & T Offshore on December 6, 2012, Antill waited until January 21, 2013—one week prior to trial—to file its motion for stay. Although the district court promptly denied this motion on January 22, 2013, Antill did not file its motion for mandamus until January 24, 2013, a mere four days—less than two business days—before trial was set to begin. Antill's petition, if granted, would further delay a trial that Antill has already caused to

be delayed numerous times. Under these circumstances we cannot say that the district court clearly abused or usurped its judicial power in denying the petitioner's motion for continuance and stay of the proceedings.

The petition for writ of mandamus is DENIED.

Judge JONES would grant the petition.

---

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

 